# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

**RONNIE RAY STRONG**                                                                             **PETITIONER**

**v.**                            **No. 2:12CV143-MPM-JMV**

**STATE OF MISSISSIPPI, ET AL.**                              **RESPONDENTS**

**CONSOLIDATED WITH**

**RONNIE RAY STRONG**                            **PETITIONER**

**v.**           **No. 3:13CV130-MPM-JMV**

**STATE OF MISSISSIPPI, ET AL.**                    **RESPONDENTS**

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* petition of Ronnie Ray Strong for a writ of *habeas corpus* under 28 U.S.C. § 2254. The State has moved to dismiss the petition as untimely filed under 28 U.S.C. § 2244(d)(2). Strong has responded to the motion, and the State has replied. Strong has also filed a supplement to the petition in the form of a letter to the court. The matter is ripe for resolution. For the reasons set forth below, the State's motion to dismiss will be granted and the instant petition for a writ of *habeas corpus* dismissed as untimely filed.

**Facts and Procedural Posture**

Strong was sentenced, as a habitual offender, to serve a term of fifteen years on Count I and ten years on Count II, in an order, which was entered *nunc pro tunc* for July 8, 2011, the date upon which Strong had been sentenced in open court. On May 8, 2012, the Panola County Circuit Court entered an "Order Clarifying Sentencing Order," correcting a scrivener's error in the original judgment of the court. That order stated "on June 10, 2011, Strong entered a plea of guilty to the strong armed robbery and nolo contendere to felon in possession of a weapon . . ." and clarified that the original judgment should have listed Count II as felon in possession of a weapon, rather than a firearm – a distinction only as to the manner in which Strong carried out the crime, not the substance of the statute

under which he was convicted. The statute in question, Miss. Code Ann. § 97-37-5, operates the same as long as the weapon used is one of those listed. The statute prohibits convicted felons from possessing knives or firearms:

> It shall be unlawful for any person who has been convicted of a felony under the laws of this state, any other state, or of the United States to possess any firearm or any bowie knife, dirk knife, butcher knife, switchblade knife, metallic knuckles, blackjack, or any muffler or silencer for any firearm unless such person has received a pardon for such felony, has received a relief from disability pursuant to Section 925(c) of Title 18 of the United States Code, or has received a certificate of rehabilitation pursuant to subsection (3) of this section.

Miss. Code Ann. § 97-37-5(1).

The Panola County Circuit Court Clerk's Office has no record that Strong has sought state post-conviction collateral relief. In his petition, Strong states that he has appealed to "the Supreme Court in New Orleans," presumably the United States Court of Appeals for the Fifth Circuit, and the Mississippi Supreme Court; however, there is no record of such a filing in either court.

## One-Year Limitations Period

Decision in this case is governed by 28 U.S.C. § 2244(d), which provides:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U. S.C. § 2244(d)(1) and (2).

By statute, there is no direct appeal from a guilty plea. *See* Miss. Code Ann. § 99-35-101. As such, Strong's sentences became final on the date he was sentenced, July 8, 2011. As the second order simply corrected a scrivener's error in the first order and had no effect on Strong's pleas or sentences, the statute of limitations for seeking federal *habeas corpus* relief began to run on July 8, 2011, when Strong was originally sentenced in the trial court. A federal petition for a writ of *habeas corpus* must be filed within one year of the date that the petitioner's judgment of conviction becomes final, subject to tolling for the period when a properly filed motion for post-conviction relief is pending in state court. *See, e.g., Cantu-Tzin v. Johnson*, 162 F.3d 295 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 847 (1999); *Sonnier v. Johnson*, 161 F.3d 941, 944 (5th Cir. 1998); *Flanagan v. Johnson,* 154 F.3d 196, n.1 (5th Cir. 1998). As such, his original deadline for seeking federal *habeas corpus* relief became July 9, 2012 (because July 8, 2012, fell on a Sunday). As set forth above, Strong has not sought state post-conviction collateral relief; as such, he does not benefit from statutory tolling under 28 U.S.C. § 2244(d)(1)(B-D). His federal *habeas corpus* deadline thus remained July 9, 2012.

Under the "mailbox rule," the instant *pro se* federal petition for a writ of *habeas corpus* is deemed filed on the date the petitioner delivered it to prison officials for mailing to the district court. *Coleman v. Johnson,* 184 F.3d 398, 401, *reh'g and reh'g en banc denied,* 196 F.3d 1259 (5th Cir. 1999), *cert. denied,* 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000) (citing *Spotville v. Cain,* 149 F.3d 374, 376-78 (5th Cir. 1998)). In this case, the federal petition was filed sometime between the date it was signed on July 10, 2012, and the date it was received and

stamped as "filed" in the district court on August 3, 2012. Giving the petitioner the benefit of the doubt by using the earlier date, the instant petition was filed *one day* after the July 9, 2012, filing deadline. The court understands the frustration Strong will feel at having missed the filing deadline by a single day. Dismissing his *habeas corpus* challenge for such a reason seems harsh. The Fifth Circuit has, however, rigorously enforced the one-year AEDPA period of limitation, holding:

> At the margins, all statutes of limitations and filing deadlines appear arbitrary. AEDPA relies on precise filing deadlines to trigger specific accrual and tolling provisions. Adjusting the deadlines by only a few days in both state and federal courts would make navigating AEDPA's timetable impossible. Such laxity would reduce predictability and would prevent us from treating the similarly situated equally.

*Lookingbill v. Cockrell*, 293 F.3d 256 (5th Cir. 2002). With such clear guidance, this court must also apply the limitations period strictly.

Thus, the instant petition was filed beyond the deadline, and Strong does not allege any "rare and exceptional" circumstance to warrant equitable tolling. *Ott v. Johnson,* 192 F.3d 510, 513-14 (5th Cir. 1999). The instant petition will thus dismissed with prejudice and without evidentiary hearing as untimely filed under 28 U.S.C. § 2244(d). A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 2nd day of April, 2014.

                                             **/s/ MICHAEL P. MILLS**
                                             **CHIEF JUDGE**
                                             **UNITED STATES DISTRICT COURT**
                                             **NORTHERN DISTRICT OF MISSISSIPPI**